# Exhibit A

ELECTRONICALLY FILED - 2018 May 14 4:31 PM - KERSHAW - COMMON PLEAS - CASE#2018CP2800429

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF KERSHAW<br><br>Scott Whaley,<br><br>        Plaintiff,<br><br>    vs.<br><br>Northcentral University, Inc.,<br><br>        Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>C/A #: 2018-CP-28<br><br>**SUMMONS**<br>**(Jury Trial Demanded)** |

**TO THE DEFENDANT ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED AND REQUIRED** to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer thereto on the subscribers at their office located at the address listed below, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

                                              **SARVIS LAW, LLC**

                                           By:   <u>s/Bryn C. Sarvis</u><br>
                                                        Bryn C. Sarvis (SCB 78137)<br>
                                                        3424 Augusta Highway<br>
                                                        Gilbert, SC 29054<br>
                                                        bsarvis@sarvislaw.com<br>
                                                        (803) 785-5525

                                              *Attorney for Plaintiff*

May 14, 2018

ELECTRONICALLY FILED - 2018 May 14 4:31 PM - KERSHAW - COMMON PLEAS - CASE#2018CP2800429

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF KERSHAW<br><br>Scott Whaley,<br><br>        Plaintiff,<br><br>        vs.<br><br>Northcentral University, Inc.,<br><br>        Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>C/A #: 2018-CP-28<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

COMES NOW PLAINTIFF, complaining of Defendant, and would show unto the Court the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual citizen and resident of Kershaw County, South Carolina.

2. Defendant is a foreign corporation organized under the laws of the State of California.

3. This Court has personal jurisdiction over Defendant pursuant to S.C. Code Ann. § 36-2-803, as Defendant contracted to supply services to Plaintiff in this State, caused tortious injury in this State and regularly does or solicits business in this state, regularly engages in a persistent course of conduct in this state, and derives substantial revenue from services rendered in this state, and entered into a contract to be performed, in part, in this state.

4. This Court has subject matter jurisdiction over this action pursuant to Article V, Section 11, of the South Carolina Constitution.

5. Venue is proper in this county, as Defendant is a foreign corporation and Plaintiff resides in this county.

## FACTS

6. Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

1

7. Upon information and belief, Defendant purposefully targets potential students in South Carolina via Facebook and other advertising mechanisms.

8. In early 2014, Plaintiff began attending online courses as a doctoral candidate in the School of Psychology offered by Defendant.

9. During the admissions process and thereafter, he was assured by agents of Defendant that the program would provide the requisite coursework to become a licensed psychologist.

10. Plaintiff excelled academically in the program and looked forward to becoming a licensed psychologist in this state.

11. In 2016, Plaintiff learned that the coursework was significantly insufficient to even enable Plaintiff to sit for licensure in this state.

12. Despite spending years and significant money towards a degree program with Defendant, Plaintiff is forced to spend additional significant sums of money and time for further education in order to be considered for licensure or even become a licensed counselor in this state.

13. Defendant and its agents were in a superior position to provide this information to Plaintiff.

14. Plaintiff attempted to resolve this matter internally with Defendant's agents, to no avail.

15. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered, and will continue to suffer, substantial damages, including, but not limited to, the costs of this action, wages, unnecessary tuition and course-related costs, interest for necessary student loans, emotional distress, and other significant harm, for which he should be compensated in such an amount as determined by a jury.

ELECTRONICALLY FILED - 2018 May 14 4:31 PM - KERSHAW - COMMON PLEAS - CASE#2018CP2800429

## AS AND FOR A FIRST CAUSE OF ACTION
### (Negligence)

16. Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

ELECTRONICALLY FILED - 2018 May 14 4:31 PM - KERSHAW - COMMON PLEAS - CASE#2018CP2800429

17. Once Defendant voluntarily began to advise Plaintiff on his educational program with knowledge of his intention to seek licensure in this state, Defendant owed Plaintiff a duty to use due care.

18. Defendant breached that duty in that it failed to indicate the deficiencies in the program that would preclude sitting for licensure and represented to Plaintiff that the program was appropriate for his desired licensure and career goals in this state.

19. As a direct and proximate result of Defendant's breach of this duty, Plaintiff has suffered, and will continue to suffer, substantial damages, including, but not limited to, the costs of this action, attorney's fees, lost wages, unnecessary tuition and course-related costs, interest for necessary student loans, emotional distress, and other significant harm, for which he should be compensated in such an amount as determined by a jury.

**AS AND FOR A SECOND CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE**
(Detrimental Reliance)

20. Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

21. Defendant's agents assured Plaintiff that Defendant's doctoral program would place Plaintiff on track to sit for licensure as a psychologist in this state, with no further coursework.

22. Plaintiff reasonably relied upon this promise, which was expected and foreseeable by Defendant.

23. As a direct and proximate result of Defendant's breach of this duty, Plaintiff has suffered, and will continue to suffer, substantial damages, including, but not limited to, the costs of this action, lost wages, unnecessary tuition and course-related costs, interest for necessary student loans, emotional distress, and other significant harm, for which he should be compensated in such an amount as determined by a jury.

3

24. As a direct and proximate result of Plaintiff's justifiable reliance on Defendant's promise, Plaintiff has suffered, and will continue to suffer, substantial damages, including, but not limited to, the costs of this action, attorney's fees, lost wages, unnecessary tuition fees and course-related costs, interest for necessary student loans, emotional distress, and other significant harm, for which he should be compensated in such an amount as determined by a jury.

## AS AND FOR A THIRD CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE
### (South Carolina Unfair Trade Practices Act)

25. Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

26. The above-referenced acts of deceptively enticing Plaintiff to enroll and continue in Defendant's degree program have caused Plaintiff to suffer a substantial, ascertainable loss of money.

27. Specifically, as a direct and proximate result of the unfair trade practices, Plaintiff has suffered, and will continue to suffer, substantial damages, including, but not limited to, the costs of this action, attorney's fees, lost wages, unnecessary tuition and course-related costs, interest for necessary student loans, and other significant harm, for which he should be compensated in such an amount as determined by a jury.

28. Upon information and belief, Defendant's deceptive conduct was a willful and knowing violation of the South Carolina Unfair Trade Practices Act such that he is entitled to an award of treble damages.

29. Plaintiff is further entitled to his attorney's fees, pre- and post-judgment interest, and the costs of this action.

ELECTRONICALLY FILED - 2018 May 14 4:31 PM - KERSHAW - COMMON PLEAS - CASE#2018CP2800429

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant, for the relief requested herein, and for such other and further relief as deemed proper by this Court.

**SARVIS LAW, LLC**

By: s/Bryn C. Sarvis
Bryn C. Sarvis (SCB 78137)
3424 Augusta Highway
Gilbert, SC 29054
bsarvis@sarvislaw.com
(803) 785-5525

*Attorney for Plaintiff*

May 14, 2018

ELECTRONICALLY FILED - 2018 May 14 4:31 PM - KERSHAW - COMMON PLEAS - CASE#2018CP2800429